## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Earl Taylor (R-28891), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 8110 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| | ) | |
| Lt. Todd, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted.  The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $13.31 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Moline Correctional Center.   Plaintiff may proceed with this lawsuit.  Summonses, however, will not issue at this time.  Plaintiff's motion for attorney representation [4] is granted.  The Court requests that James M. Roche, Theisen & Roche, Ltd, 2100 Manchester Road, #201, Wheaton, IL 60187, represent Plaintiff, for this case only, in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).  Within 28 days of the date of this order, counsel shall enter an appearance for Plaintiff.  Within 60 days, after counsel has had an opportunity to consult with Plaintiff and investigate his claims, counsel should submit an amended complaint, if counsel is able to do so in accordance with Fed. R. Civ. P. 11.

## STATEMENT

Plaintiff Robert Earl Taylor, a prisoner now confined at the Moline Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983, regarding events that occurred while he formerly was detained at Kankakee County Jail Jerome Combs Facility.  Specifically, for three weeks, beginning on September 21, 2015, Plaintiff, a self-described "mental patient," alleges that, despite his requests, he was denied his much-needed medication to treat his undisclosed mental health conditions.  He generally felt ill from the lack of medication, heard voices, and had mood swings, high blood pressure, anxiety, and depression.  From November to December, he was housed in a one-man cell, "where [he] was tazed five times, shot with needles, hand cuffed, denied medical attention, denied showers and running water to stabilize my medical conditions."  He also says Defendants "put [him] threw [sic] a meadical [sic] procedure they tried to stabilize in all the incorrect ways."   No person is mentioned by name in the body of the complaint, and Plaintiff names as Defendants "Lt. Todd," ten John Does, and two Jane Doe nurses.  Before the Court are

Plaintiff's application for leave to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and Plaintiff's motion for attorney representation.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $13.31 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen pro se prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen pro se prisoners' complaints (including amendments) and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662,

665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here, accepting Plaintiff's somewhat sparse factual allegations as true, the Court finds that Plaintiff's allegations potentially implicate the Fourteenth Amendment as to unknown jail personnel, who allegedly denied Plaintiff medication for his mental illnesses despite his requests for treatment. A compensable injury arises under federal law regarding an inmate's medical care where the plaintiff can demonstrate that jail officials "kn[e]w of and disregard[ed] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *County of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998) (explaining that claims against jail personnel arise under the Fourteenth Amendment, rather than the Eighth Amendment, and that allegations of deliberate indifference to serious medical needs sufficiently states claim against jail personnel). To state a claim for a violation of this duty, a prisoner must allege facts from which it can be inferred that (1) he had a "serious medical need" and (2) that prison officials were "deliberately indifferent" to that need. *See, e.g., Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference is not medical malpractice[.]" *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Likewise, negligence and even gross negligence do not meet the deliberate indifference standard. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012); *see also Lewis*, 523 U.S. at 848 ("[W]e have made clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm.").

Although the Court has found that Plaintiff's complaint implicates the Fourteenth Amendment, summonses will not yet issue. Plaintiff's complaint must be amended. First, Plaintiff has not stated a claim against any Defendant who can be served. Although he names one person by name, Lt. Todd is not mentioned within the statement of claim, and a plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 & n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Accordingly, proper Defendants for this action must be identified and named in an amended complaint before this case can proceed. Counsel may proceed with limited discovery to identify proper Defendants for this action.

Next, it is unclear whether Plaintiff seeks to bring claims that may properly be joined in this lawsuit. Given the number of Defendants Plaintiff seeks to name, it may be that he is attempting to bring suit regarding each separate event that happened while he was at the jail. However, as discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

3

Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

507 F.3d at 607. While Plaintiff may bring multiple claims in a single lawsuit, the claims must relate in some way—potentially through common Defendants. To the extent Plaintiff wishes to pursue claims against different Defendants for different incidents, for example, for a use of force, as opposed to the denial of medications, Plaintiff may, subject to the foregoing, be required to raise those incidents in a separate lawsuit (or even multiple lawsuits). Each of those lawsuits will be subject to the required filing fee under the PLRA. Moreover, as noted below, recruited counsel for this case is not obligated to represent Plaintiff as to other lawsuits.

Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that Defendants ultimately may advance in response to Plaintiff's allegations or prevents Plaintiff from amending his complaint.

Plaintiff's motion for attorney representation is granted. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). After considering the relevant factors, the Court exercises its discretion to recruit counsel for Plaintiff. It seems, even at this early stage, that Plaintiff will need assistance with this case, which appears likely to require the development of potentially-complicated medical evidence. *See Perez v. Fenoglio*, 792 F.3d 768, 784-85 (7th Cir. 2015) ("encourag[ing] district courts [] to [] consider the severity of the medical condition the inmate has alleged" and the need to develop "complex medical evidence (including expert testimony) [] to assess the adequacy of the treatment received" in recruitment-of-counsel determination). The Court requests that James M. Roche, Theisen & Roche, Ltd, 2100 Manchester Road, #201, Wheaton, IL 60187, represent Plaintiff, for this case only, in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Within 28 days of the date of this order, counsel shall enter an appearance for Plaintiff. Within 60 days, after counsel has had an opportunity to consult with Plaintiff and investigate his claims, counsel should submit an amended complaint, if counsel is able to do so in accordance with Fed. R. Civ. P. 11.

Date:   9/1/2016                                    /s/Virginia M. Kendall
                                                    U.S. District Court Judge